LEMMON, Judge
(dissenting).
Plaintiff complains that as an indigent, she cannot obtain a divorce from her nonresident husband because state law requires that an attorney be appointed to represent her husband and that she pay the fee of that attorney.
This court’s answer to her complaint is that we cannot compel the required attorney to work on a non-fee basis. In my opinion this answer does not meet her complaint about an unconstitutional statute which effectively denies her the use of the courts to assert a cause of action which can only be asserted in the courts.
The Supreme Court of the United States in Boddie v. Connecticut recognized that where a state requires that all persons resort to the judicial process as the exclusive method of adjusting this fundamental human relationship, the state cannot selectively deny access to the courts to persons on the basis of their ability to pay the statutory court fees and the cost of service of process.[1] Nevertheless, this is the exact result reached in this case.
In my opinion a statute, which requires appointment of an attorney to represent a nonresident defendant and payment by the plaintiff of that attorney’s fee as a prerequisite to asserting a good faith cause of action, cannot constitutionally be enforced if the statute effectively denies an open court to those plaintiffs who cannot afford payment of that fee and who cannot legally obtain relief outside the judicial process. The unconstitutional result of this statute is obvious: an affluent person who otherwise meets the requirements for divorce can obtain one, while an indigent person cannot.
I agree that if the curator articles are declared unconstitutional in their application to indigents, there is no other positive authority for the trial judge to appoint an attorney to represent the nonresident defendant. However, appointment of an attorney is not necessary to fulfill minimum constitutional requirements for due process, but simply is Louisiana’s statutory method of doing so. Nevertheless, plaintiff is entitled to relief on her complaint to this court that the unconstitutional fee requirement is preventing her from obtaining a divorce and that, although she has been allowed to file a suit, she is being prevented from prosecuting it solely on the basis of her indigency. I do not believe this indigent plaintiff[2] should be required to wait for the Legislature to adopt a new provision for notice to nonresidents, while a more affluent plaintiff can obtain immediate relief.
Two approaches to this problem come to mind. One, we could declare the fee requirement inapplicable to indigent plaintiffs, order the trial judge to appoint an attorney, and let the judicial system itself work out the fee and expense problems. I hesitate to recommend this approach for the reasons stated by the majority and for the additional reason that an attorney appointed by a local judge can be subtly coerced into non-fee employment.
I would prefer a second approach: declare the entire curator statute inapplicable to indigent plaintiffs. Inasmuch as the statute is primarily designed to provide the *806 prospective defendant with notice and an opportunity to be heard, those due process requirements of notice can be met in other ways, such as through service by publication, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), or, as suggested in Bod-die, through service by mail at defendant’s last known address or through posted notice. State law can perhaps require more than the minimum method of notice. But when a state requires this more extensive and more expensive procedure of appointing private attorneys and requiring expenditure of their funds, the state cannot constitutionally make the cost of notice by this method an absolute prerequirement for use of the courts. This is equally as offensive as the statutorily required payment of court fees as a prerequisite to use of the courts. Such a statute, held unconstitutional in Boddie, was rectified in Louisiana by the amendment of C.C.P. art. 5181.
In this case the statutory requirement that an attorney be appointed to represent the nonresident defendant more than fulfills minimum requirements for due process to that defendant. However, the cost of this more-than-minimum method deprives plaintiff of her constitutional rights, and this method should be held inapplicable under these circumstances.
I would therefore hold the curator articles inapplicable to this plaintiff on a constitutional basis. I would grant her relief by issuing a writ of mandamus to the trial judge, directing him to order notice to the defendant by any constitutionally acceptable method, the cost of the notice to be handled in the same manner as other costs of court, and then to allow plaintiff to proceed by default if the defendant fails to appear.
I therefore dissent from the result reached by the majority.

. The majority in Boddie held that the Connecticut statute violated due process by denying an indigent a meaningful opportunity to be heard. Two judges concurred on the basis that divorces may be . denied or granted under Connecticut law solely on the basis of wealth, thereby violating equal protection.

. The indigency of this plaintiff was established in the trial eourt.